IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGER SESSOM | : |
| | : |
| Petitioner, | : |
| | : No. 13-2179 |
| v. | : |
| | : |
| SUPT. MICHAEL WENEROWICZ, et al., | : |
| | : |
| Respondents. | : |
| | : |

# ORDER

**AND NOW**, this _____ day of October, 2013, upon careful and independent consideration of Petitioner Roger Sessom's Pro Se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and after a careful and independent review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, and Sessom's objections thereto, it is hereby **ORDERED**:

1. Sessom's Objections to the Report and Recommendation (Doc. 14) are **OVERRULED**[1];

---

[1] *A. Petitioner's Claims Are Untimely*

Petitioner's objections to Magistrate Judge Rueter's Report and Recommendation ("R&R") do not set forth a sufficient basis for this Court to reach a conclusion differing from Magistrate Judge Rueter on the issue of § 2244(d)(1)'s statute of limitations.

Magistrate Judge Rueter correctly determined Petitioner's habeas petition was filed after the one-year statute of limitations had expired. Petitioner objects to this determination by arguing that §2244(d)(1)'s statute of limitations should only begin to run on the date his Post-Conviction Relief Act ("PCRA") claim was fully litigated. (Pet.'s Obj. at 5.) § 2244(d)(1) is the only applicable subsection, and Petitioner's argument goes against its plain language. Petitioner had one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," to file his habeas petition. 28 U.S.C. § 2244(d)(1)(A). Petitioner simply ignores the fact that his conviction became final on April 16, 2010, the date on which Petitioner failed to appeal the March 17, 2010 ruling of the Superior Court of Pennsylvania.

Because Petitioner's conviction became final on April 16, 2010, Magistrate Judge Rueter was correct to begin the statutory clock. The clock continued to run until the filing of Petitioner's PRCA petition on August 6, 2010. The time between these two dates represents one hundred twelve (112) days of the 365 days in which Petitioner had to file his habeas petition. Under § 2244(d)(2), the statutory clock was then paused while Petitioner sought PCRA relief from August 6, 2010 to June 17, 2012. Accordingly, after the Pennsylvania Superior Court's dismissal of Petitioner's PCRA appeal on May 18, 2012, PCRA review became final 30 days after on June 17, 2012, and Petitioner had 253 days remaining to file his Petition under § 2244(d)(1). This 253-day period expired on Monday, February 25, 2013. Since Petitioner did not file his habeas petition with this Court until April 15, 2013, Magistrate Judge Rueter correctly determined that the Petition was filed beyond the

2. The Report and Recommendation (Doc. 11) is **APPROVED** and **ADOPTED**;

3. Sessom's petition for writ of habeas corpus (Doc. 1) is **DENIED**;

4. Petitioner's request for a hearing is **DENIED**;[2]

---

one-year statute of limitations.

### B. The Court Need Not Consider Petitioner's New Arguments

In his Objections, Petitioner also argues his June 14, 2012 filing of a "Motion for Correction of Sentence" with the Pennsylvania Court of Common Pleas for Philadelphia County should have tolled the statute of limitations pursuant to § 2244(d)(2). (Pet.'s Obj. at 5.)  Using the recent Supreme Court decision in *Wall v. Kholi*, 131 S. Ct. 1278 (2011), Petitioner asserts that his June 14, 2012 motion was a form of collateral review for the purposes of § 2244(d)(2), and tolls the statute of limitations until the motion was resolved. Given the Court of Common Pleas had only ruled on the motion on January 7, 2013, Petitioner argues he was well within the one-year statute of limitations when he filed his Petition on April 15, 2013.

Petitioner's arguments in his objections to the R&R differ greatly from the arguments presented in his reply brief to the Court. Petitioner's reply brief, as well as the Petition itself, calculates § 2244(d)(1)'s one-year statute of limitations as beginning from May 18, 2012, the date the Pennsylvania Superior Court dismissed Petitioner's PCRA appeal.  (Pet.'s Reply at 3.)  Petitioner never raised any of the statutory tolling arguments found in his Objections to the R&R in any submission to Magistrate Judge Rueter.

The Court refuses to consider Petitioner's new facts and arguments in its review of Magistrate Judge Rueter's R&R. Local Rule 72.1(IV)(c) states, "All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."  Though the Third Circuit has yet to specifically address how District Courts are to deal with issues and facts first raised by habeas petitioners in an objection to a magistrate's R&R, courts within this district and around the country have routinely refused to hear arguments similarly raised for the first time in an objection to an R&R. *See, e.g., Stromberg v. Varano*, 2012 WL 2849266 at * 3 n. 14 (E.D. Pa. July 11, 2012) (Rufe, J.) (collecting cases). The new issues Petitioner presents could have easily been raised at the Magistrate Judge level, and Petitioner provides no reason why this was not done. For this reason, the Court finds that the "interest of justice" does not require the Court to consider these new issues.

Petitioner has further objected to Magistrate Judge Rueter's equitable tolling analysis. Petitioner's arguments on this subject are similarly untimely and unavailing. Petitioner's Objections, again, rely upon facts and arguments he failed to present to Magistrate Judge Rueter in any of his written submissions. For the reasons stated previously, the Court will not entertain arguments Petitioner never presented to the court below. Because Petitioner did not set forth extraordinary circumstances warranting equitable tolling, Petitioner's objection is meritless and the Court will adopt Magistrate Judge Rueter's analysis in full.

[2] ### C. Petitioner is Denied an Evidentiary Hearing

Finally, Petitioner offers no real objection to Magistrate Judge Rueter's decision to not hold a hearing under 28 U.S.C. § 2254(e)(2).  § 2254(e)(2) leaves the decision to hold an evidentiary hearing in certain limited circumstances to the discretion of the courts. 28 U.S.C. § 2254(e)(2); *Goldblum v. Klem*, 510 F.3d 204, 220-22 (3d Cir. 2007), *cert. denied*, 555 U.S. 850 (2008). Petitioner has never demonstrated his entitlement to a hearing under either of § 2254(e)(2)(A)'s requirements. Petitioner's request for an evidentiary hearing is not based upon a new rule of constitutional law, nor is Petitioner seeking to introduce any new facts that could not have been previously discovered. Petitioner merely disagrees with the rulings of previous courts and believes an evidentiary hearing is an appropriate venue "to address his issues . . ." (Pet. at 18.) Petitioner's objection on this

5.  A certificate of appealability is <u>not</u> granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark the above-captioned matter as **CLOSED** for statistical purposes.

**BY THE COURT:**

/s/Petrese Tucker

_____
**Hon. Petrese B. Tucker, C.J.**

---

issue is in conflict with the clear language of § 2254(e)(2). For this reason, Petitioner's third objection will be overruled and the R&R's analysis is adopted as the Court's own.